Dear Judge Lemoine:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution.
You present the following issue for review:
 May a city court contract with a full-time municipal police officer as court probational officer for services to be rendered in his off-duty time?
We find nothing in the statutes which would prohibit a municipal police officer from engaging in private employment in his off-duty hours. Further, since the latter relationship is contractual, there is no "employment" as defined in LSA-R.S.42:62(3), which provides:
 `Employment' means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. LSA-R.S. 42:62(3).
Because the relationship is one of contract rather than "employment" as defined above, the provisions of the Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61 et seq., are not invoked. This office is of the opinion that no legal obstacle exists preventing the simultaneous holding of both positions.
However, we do not issue an opinion regarding any possible ethical violations in this matter. This office defers to the State Ethics Commission on questions concerning the Code of Governmental Ethics, LSA-R.S. 42:1111, et seq. We refer you directly to the State Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, LA 70808, for an opinion in this regard.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ 93-709